**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DELILAH TRAMMELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **CIVIL ACTION** |
| **DISCOVER FINANCIAL SERVICES,** ) | |
| **MORGAN STANLEY & CO.** ) | **FILE NO. 1:05-CV-1963-WSD** |
| **INCORPORATED, PARENT** ) | |
| **SUBSIDIARIES AND AFFILIATED** ) | |
| **ENTITIES, ETC.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**DISCOVER'S MOTION FOR MORE DEFINITE STATEMENT**
**AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW Defendant Discover Financial Services, Inc., incorrectly identified in Plaintiff's Statement of Claim as "Discover Financial Services, Morgan Stanley & Co. Incorporated, Parent Subsidiaries and Affiliated Entities, etc." (hereinafter "Discover"), and pursuant to Fed. R. Civ. P. 12(e) moves this Court for an Order requiring Plaintiff Delilah Trammell ("Plaintiff") to recast the allegations set forth in her Statement of Claim with greater particularity as to Discover's alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA") and the additional, unidentified "companion state laws" under which she seeks relief. In support of this Motion, Discover relies on the

199180

Plaintiff's Statement of Claim and Discover's Memorandum in Support, incorporated herein below, and respectfully shows the Court as follows:

## I.    PRELIMINARY STATEMENT

Discover acknowledges that Plaintiff originally filed this action in the Magistrate Court of Fulton County, under less stringent pleading standards than those required by this Court.  However, even under that relaxed standard, Plaintiff's Statement of Claim is so vague and ambiguous that Discover cannot adequately respond, even with a simple denial, in good faith or without prejudice to itself.  See Hart v. Hodges, No. 1:05-CV-30-WLS, 2005 WL 1630548, at *1 (M.D. Ga. July 8, 2005) (Sands, C.J.).  Therefore, as demonstrated below, Plaintiff should be required to provide a more definite statement as to what statutes Discover allegedly violated, how Discover violated them, and what damages Plaintiff allegedly suffered as a result, before Discover is required to frame a responsive pleading to the same.

## II.  ALLEGATIONS IN THE STATEMENT OF CLAIM

Plaintiff's claims arise out of Discover's alleged credit reporting or "refusal to remove their reporting of negative and incorrect credit information to the credit reporting agencies."  See Statement of Claim.  Without identifying this "negative and incorrect credit information," when it was allegedly reported, or the source(s) or report(s) on which it appears, Plaintiff implies that the "negative credit information" has appeared somewhere for an undefined period exceeding seven years.  See id.    Plaintiff then

199180                                                      2

references an "account," which she claims to have "no record or knowledge of" but that "[a]ccording to the CRA's,[1] . . . was established in 1987." Plaintiff then states that she reported and disputed "the incorrect and false information to the CRA's," who allegedly informed her that "they investigated and verified the information directly with the company and that Discover stated that the information in [Plaintiff's] file was correct and should remain." See id.

Plaintiff further claims that she disputed "the incorrect information" with Discover, and that Discover acted in bad faith by either not responding, or by "not responding in a timely manner," to her "subsequent letters and calls." See Statement of Claim. Curiously, Plaintiff then implies that Discover did respond, and that "Discover maintains that the information contained in my file is correct and the information will not be removed." Discover also apparently informed Plaintiff that "the account" belongs to her and that "the date of last activity is also correct." Plaintiff accuses Discover of its "disregard to the importance of the law and serious consequences affecting [Plaintiff] as a consumer." Plaintiff claims that she is entitled to recover nearly $15,000 in damages from Discover "and companies" for these alleged violations of "the FCRA and companion state laws." See id.

---

[1] By "CRA's," Plaintiff is apparently referring to "credit reporting agencies" or "consumer reporting agencies."

## III.   ARGUMENT AND CITATION OF AUTHORITY

Before Discover is required to respond to the conclusory allegations in Plaintiff's Statement of Claim, this Court should require Plaintiff to set forth, with greater particularity, the particular acts or omissions upon which she bases her claims for relief. See Fed. R. Civ. P. 12(e); Williams v. Lear Operations Corp., 73 F. Supp. 2d 1377, 1380-81 (N.D. Ga. 1999).  A motion for more definite statement is the proper mechanism for requiring a plaintiff to provide more particularity in a complaint. See Fed. R. Civ. P. 12(e).  A party may move for a more definite statement if the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." See Byrne v. Nezhat, 261 F.3d 1075, 1128-29 (11th Cir. 2001)(citing Fed. R. Civ. P. 12(e)).  This Court most recently held that:

> While the requirements of pleading under the Federal Rules are "liberal," . . . a pleader must at least provide his opponent with "fair notice of what [his] claim is and the grounds upon which it rests." [Cits].  Stated differently, a plaintiff should include in his pleading some brief factual description of the circumstances surrounding the acts or omissions upon which he bases his claim for relief.

Watkins v. Brush Wellman, Inc., --- F. Supp. 2d ---, 2005 WL 1706927, at *2 (N.D. Ga. March 29, 2005) (internal citations omitted); see also Williams, 73 F. Supp. 2d at 1381 (finding that plaintiff's failure to provide any factual description of "when, where or how" she suffered unlawful treatment as a result of alleged "tortious conduct" rendered her pleading inadequate even under the Federal Rules' liberal notice pleading standards).

199180                                    4

Plaintiff's one paragraph Statement of Claim fails to give Discover "and companies" fair notice of the claims asserted against them or the grounds upon which they rest.  See Watkins, 2005 WL 1706927, at *2; Williams, 73 F. Supp. 2d at 1381.  The most obvious example is Plaintiff's conclusory assertion that Discover violated the FCRA's "companion state laws."  Although Plaintiff contends that Discover violated multiple state laws, she does not identify even one such law, or the manner in which Discover allegedly violated such law(s).  Without even knowing what laws Plaintiff is referring to, Discover cannot reasonably be expected to know what affirmative defenses are available to it, much less which ones it can assert, in good faith, in its defense.

Similarly, although Plaintiff claims that Discover violated the FCRA, she fails to identify the provision of the FCRA that Discover allegedly violated, how Discover violated it, or when Discover allegedly violated it.  Plaintiff makes vague references to "negative and incorrect credit information," and an "account," but never identifies what this "negative credit information" consists of, the reports or sources where this "negative information" allegedly appears, or even what "account" she is referring to.  Further, Plaintiff accuses Discover of either not responding, or not responding timely, to (amongst other things) Plaintiff's "subsequent letters and calls," but provides no information about when these "subsequent letters and calls" were made, or the agents, employees or representatives to whom those letters or calls were directed, so as to allow Discover to determine whether such letters or calls were even received.  Strangely, although Plaintiff

199180                                   5

sometimes accuses Discover of not responding at all, Plaintiff also states that "Discover maintains that the information in [Plaintiff's] file is correct" and that "the account is [Plaintiff's]." If Discover has not responded to Plaintiff, how does Plaintiff know what Discover believes or "maintains"? Plaintiff provides no information about her alleged damages, nor does she identify or explain how Discover "disregarded the importance of the law" or the "serious consequences affecting [Plaintiff] as a consumer."

In short, Plaintiff's Statement of Claim fails to provide the "when, where or how" of Discover's alleged misconduct which would allow Discover to respond to these allegations adequately and in good faith. As it stands, the Statement of Claim is so vague that it prevents Discover from even determining what it is accused of, much less which affirmative defenses, if any, it may raise in its defense. Such broad conclusory allegations are inadequate even under the Federal Rules' liberal pleading requirements. See Williams, 73 F. Supp. 2d at 1381 ("The pleadings must nevertheless provide notice of the circumstances which give rise to the claim [and a] complaint which contains a bare bones allegation[] that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not give adequate notice").

Finally, although Plaintiff has named various parties as defendants in this case, she fails to provide any information whatsoever as to her relationship with the various defendants, or the role each defendant played in these alleged "violations." This Court has expressly held that:

199180                                    6

the Federal Rules do not permit a party to aggregate allegations against several defendants in a single, unspecific statement, but instead require the pleader to identify (albeit generally) the conduct of <u>each</u> defendant giving rise to his claims.

<u>Watkins</u>, 2005 WL 1706927, at *2 (citing <u>Veltmann v. Walpole Pharmacy, Inc.</u>, 928 F. Supp. 1161, 1163-64 (M.D. Fla. 1996)(finding a motion for definite statement to be the appropriate remedy where plaintiff's defective pleading made "general allegations against all of the named defendants," which made it "virtually impossible to ascertain . . . which defendant committed which alleged act").  Therefore, the interests of fairness dictate that Plaintiff should be required to set forth her claims with greater particularity before Discover and/or the other named Defendants are required to frame a responsive pleading thereto.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Discover respectfully requests that this Court enter an Order requiring Plaintiff to re-file her Complaint with more particularity as to the Defendants' alleged violations of "the FCRA and Companion State Laws," as well as Defendants' alleged violations of Plaintiff's rights under said laws.

Respectfully submitted this 3rd day of August, 2005.

s/Ashby L. Kent_____
John O'Shea Sullivan
Georgia Bar No. 691305
ssulliva@burr.com
Ashby L. Kent
Georgia Bar No. 415105

akent@burr.com
Attorneys for Discover Financial Services, Inc.

BURR & FORMAN LLP
171 Seventeenth Street, Suite 1100
Atlanta, Georgia  30363
(404) 815-3000

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **DISCOVER'S MOTION FOR MORE DEFINITE STATEMENT AND BRIEF IN SUPPORT THEREOF** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1B.

s/Ashby L. Kent
Ashby L. Kent
Georgia Bar No. 415105
akent@burr.com

199180

## CERTIFICATE OF SERVICE

I hereby certify that I have presented to the Clerk of Court for filing and uploading to the CM/ECF system a copy of the foregoing **DISCOVER'S MOTION FOR MORE DEFINITE STATEMENT AND BRIEF IN SUPPORT THEREOF,** and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants on this the 3rd day of August, 2005:

Delilah Trammell
Pro Se Plaintiff
12016 Scottish Court
Fayetteville, Georgia  30215


s/Ashby L. Kent
Ashby L. Kent
Georgia Bar No. 415105
akent@burr.com


BURR & FORMAN LLP
171 Seventeenth Street, N.W.
Suite 1100
Atlanta, Georgia  30363
(404) 815-3000


199180